IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE BROUGH, # M-22735, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-1084-SMY |
| | ) | |
| JASON CONTES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is currently incarcerated at Hill Correctional Center ("Hill"), serving a one-year sentence for drug possession. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, over an incident that occurred in 2013 during his incarceration at Pinckneyville Correctional Center ("Pinckneyville") on a previous offense. Plaintiff claims that Defendant Contes, a Pinckneyville correctional officer, used excessive force against him and then refused to allow him to obtain medical care for his injuries.

More specifically, Plaintiff claims that on March 22, 2013, he was in line with other inmates on their way to lunch when Defendant Contes pulled him out of line (Doc. 1, pp. 6, 8). Defendant told Plaintiff that he was disobeying a direct order, and the two had words. Defendant placed Plaintiff in handcuffs and walked him to segregation. On the way there, Defendant tripped Plaintiff to the ground, "causing a scene." *Id*. One or more other officers came to assist. Plaintiff was picked up and continued to walk to segregation, accompanied by Defendant and another officer. When they arrived in a secluded area, Defendant Contes kneed Plaintiff in his left eye. Plaintiff was still in handcuffs at the time. Defendant did not allow Plaintiff to obtain

any medical care at the time.  Plaintiff claims to have medical records to show what his medical needs were as a result of Defendant's actions (Doc. 1, p. 4).

Plaintiff notes that he filed a grievance over the incident while he remained at Pinckneyville, but by the time he got the initial response, he had been released from prison.  He was thus unable to further pursue exhaustion of his administrative remedies (Doc. 1, pp. 6-7, 9). After Plaintiff was re-incarcerated on his current offense, he filed another grievance on October 2, 2014, which he attaches to his complaint (Doc. 1, pp. 8-9).

Plaintiff seeks compensatory damages (Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:**  Eighth Amendment claim against Defendant Contes, for the excessive use of force on Plaintiff on March 22, 2013;

**Count 2:**  Eighth Amendment claim against Defendant Contes, for deliberate indifference to Plaintiff's medical needs resulting from the excessive force incident on March 22, 2013.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that an assault occurred, and

that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Further, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Thus, Defendant Contes, who perpetrated the assault and then allegedly prevented Plaintiff from getting immediate medical attention for his injuries, may be found liable for deliberate indifference to Plaintiff's need for medical care.

At the pleading stage, Plaintiff's allegations regarding both Count 1 and Count 2 merit further consideration.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendant **CONTES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on Defendant, and the Court will require Defendant to pay the full costs of formal

service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's

last-known address.  This information shall be used only for sending the forms as directed above

or for formally effecting service.  Any documentation of the address shall be retained only by the

Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is

entered), a copy of every further pleading or other document submitted for consideration by the

Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on

which a true and correct copy of any document was served on Defendant or counsel.  Any paper

received by a district judge or magistrate judge that has not been filed with the Clerk or that fails

to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States**

**Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, which shall include a

determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties*

*consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 28, 2014**

s/ STACI M. YANDLE
United States District Judge